# EXHIBIT A

**Archived:** Thursday, February 27, 2025 11:30:53 AM
**From:** Pellegrini, Nadine (USAMA)
**Mail received time:** Wed, 19 Feb 2025 16:37:58
**Sent:** Wed, 19 Feb 2025 16:23:27
**To:** Stern, Max D.
**Cc:** Black, Hannah   Mombeleur, Shayla   Head, Carol (USAMA)
**Subject:** RE: Expert inspection
**Importance:** Normal
**Sensitivity:** None

---

Counsel, as noted in a prior email to Attorney Black dated February 6th , and as referenced in your Motion to Compel, the government has custody of two physical items that are referenced in the Information – the two skulls which were purchased from your client by the undercover agent. The other species that are "relevant" or "referenced" by the Information do not have the same connection to the charged crimes. The species are noted in the general allegations and the Information in so far as the species were noted in conversations/emails between the co-conspirators and were sold to other individuals.

Also, as previously noted in email correspondence, the USFWS will make the specimens available for inspection and copying on the dates that you requested.

As the government's response to your Motion to Compel will make clear, pursuant to Rule 16, the government will make all of the specimens referenced in the *In Rem* proceeding available at the same time as the two items referenced in the Information.

Please note that Rule 16 permits photographing and inspecting. It does not permit physical testing -- including removal -- of any portions of the items. Further, at your request, the court stayed the In Rem proceeding in its entirety, pending resolution of the criminal matter, because as you noted in your motion, continuation of the forfeiture proceeding could burden the right of your client against self-incrimination. Accordingly, the government believes that discovery in the In Rem proceeding, such as physical testing of the specimens referenced only in the *In Rem* proceeding, would violate the court ordered stay, absent an order lifting or modifying that stay.

The government notes that you have requested the identification of other species intended to be used in the **criminal** case-in-chief. The government believes you are incorrect that evidence presented via Rule 404(b) is required to be produced during the initial discovery phase and are attempting to conflate the proof required for the crimes under the Information and the proof that the government is entitled to present of other crimes. While there may indeed be species found during the course of the searches, the government is not using those specimens in the same manner as the two items which were sent directly to the undercover agent. Proof of other crimes, while presented in the case-in-chief, is only if the district court finds the predicates under Rule 404(b)(2). As noted in the Rule itself, the evidence is of *any other crime, wrong or act as it relates to motive, opportunity, intent, preparation, plan knowledge, identity, absence of mistake of lack of accident.* The Local Rules clearly provide for a timetable for production which relates to the trial date – which has not yet been set. Moreover, the government is still assessing which, if any of the specimens, would support the evidence of other crimes, etc.

If your interpretation was correct, there would be no need for Local Rule 117.1(B) nor would the timing requirements set forth at 117.1(4) be required. The government declines to produce evidence as it relates to 404(b) at this time. Moreover, the Magistrate Judge cannot rule on the admissibility of the evidence under 404(b) – that is a determination for the district court.

---

**From:** Stern, Max D.
**Sent:** Tuesday, February 18, 2025 1:09 PM

**To:** Pellegrini, Nadine (USAMA)
**Cc:** Black, Hannah ; Mombeleur, Shayla
**Subject:** [EXTERNAL] FW: Expert inspection

\sb240Nadine – Welcome back. I hope you had a restful time away. Below is the email I sent while you were gone regarding identifying the specimens to be examined and the dates for the expert. Do you have a time when we could discuss this?

Max D. Stern



Todd & Weld LLP

One Federal Street, Boston, MA 02110

Tel: 617.720.2626

www.toddweld.com

---

**From:** Stern, Max D.
**Sent:** Monday, February 10, 2025 3:22 PM
**To:** Pellegrini, Nadine (USAMA) <Nadine.Pellegrini@usdoj.gov>
**Cc:** Black, Hannah <hblack@toddweld.com>; Mombeleur, Shayla <smombeleur@toddweld.com>
**Subject:** Expert inspection

Nadine – Our expert is available Feb. 24 -27. A problem is that we do not know how much time it will take, which depends upon how many specimens you have. As we count, there are 12 species listed in the Information. If you do not have any specimens of those species, please let us know. In that event the expert would only need to examine the 2 specimens you have identified at this within the government's possession. Or if more, she would only need to look at those at this time.

As you know, we have also requested that you identify any specimens that you intend to use in your case in chief. We appreciate the fact that you have not yet decided what you will use. Could we work out between us a date by which you would be able to tell us what you plan to use, and then agree to a date on which they would then be available for inspection?

We will have no problem providing you with any expert's credentials.

Max D. Stern



Todd & Weld LLP

One Federal Street, Boston, MA 02110

Tel: 617.720.2626

www.toddweld.com

\sb240This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.