

U.S. Department of Justice

*Leah B. Foley*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*       John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 8, 2025

Max D. Stern
Todd & Weld LLP
One Federal Street
Boston, MA 02110

    RE:    **United States v. Adam Bied**
              **Criminal No. 24-cr-10171-FDS**

Dear Attorney Stern:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Adam Bied ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

At the earliest practicable date, Defendant will waive indictment and plead guilty to Counts 1 through 4 of the Information: Conspiracy to Commit Smuggling, Lacey Act Trafficking, and Endangered Species Act Trafficking, in violation of 18 U.S.C. § 371 (Counts 1 and 2); and Lacey Act Trafficking, in violation of 16 U.S.C. § 3375 (Counts 3 and 4). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

In exchange for the concessions made in this agreement, the government agrees to dismiss Count 5 of the Information at the sentencing hearing, following the imposition of sentence.

    2.    Penalties

With respect to each Count of the Information, Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

    3.    Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense

level" under the Guidelines is 8:

  a) Defendant's base offense level is 6, because the offenses involved wildlife (USSG §2Q2.1(a));

  b) Defendant's offense level is increased by 2, because (A) Defendant committed the offenses for pecuniary gain or the offenses otherwise involved a commercial purpose, or (B) the offenses involved a pattern of similar violations (USSG §2Q2.1(b)(1));

  c) Defendant's offense level is increased by 4 because the offenses involved wildlife that are listed as endangered or threatened by the Endangered Species Act and wildlife that are listed in Appendix I to the Convention on International Trade in Endangered Species of Wild Fauna or Flora (USSG §2Q2.1(b)(3)(B);

  d) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crimes (USSG §3E1.1(a)); and

  e) The parties agree that if (1) U.S. Probation determines that Defendant does not receive any criminal history points, and (2) both U.S. Probation and the United States determine that Defendant otherwise satisfies the criteria set forth in USSG §4C1.1, the United States will recommend that Defendant's offense level be reduced by 2 additional levels pursuant to USSC § 4C1.1. The parties further agree that the determination of whether §4C1.1 applies does not alter the agreed-upon disposition set forth in Paragraph 4 below.

The U.S. Attorney reserves the right to seek an upward variance from the agreed-upon Guideline Sentencing Range pursuant to 18 U.S.C. § 3553(a), subject to the limitations set forth in Paragraph 4 below.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for 8 months;

b) a fine of $75,000, which pursuant to 34 U.S.C. § 20101(b)(1)(A)(ii) shall be for the benefit of the Lacey Act Reward Account;

c) 24 months of supervised release;

d) a mandatory special assessment of $400; and

e) forfeiture as set forth in Paragraph 7.

Defendant agrees to join in the above recommendation except for item (a), the recommended period of incarceration.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that

Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.  Waiver of Hyde Amendment Claim

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count 5.

7.  Forfeiture

Defendant understands that the Court has the authority, upon acceptance of Defendant's guilty plea, to enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant also understands that the U.S. Attorney has filed a civil forfeiture action in the United States Court for the District of Massachusetts against certain property seized from Defendant, bearing the caption *United States v. Two Orangutan Skulls, Two Tiger skulls, One Jaguar Skin, and Approximately 108 Other Wildlife Parts Including from Endangered, Threatened, or Protected Species*, No. 24-cv-11601-FDS. The civil forfeiture action is currently stayed at the request of Defendant.

Defendant agrees that upon the Court's acceptance of Defendant's plea, the United States will move to lift the stay in the civil forfeiture action. Defendant agrees to waive service of the civil forfeiture complaint, to consent to venue in the District of Massachusetts, to consent to the entry of all orders of forfeiture for the assets identified in the civil forfeiture case because they are in fact forfeitable, and to refrain from filing a claim or otherwise contesting the civil forfeiture of the assets identified in the civil forfeiture action.

Defendant agrees to assist fully in the forfeiture of the assets identified in the civil forfeiture action. Defendant agrees to promptly take all steps necessary to pass clear title to those assets to

4

the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States. If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement and the civil forfeiture action.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on

5

the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jason A. Casey.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: *(signature)*
Anne Paruti
Chief, Major Crimes Unit

*(signature)*
Jason A. Casey
Carol E. Head
Assistant U.S. Attorneys

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Adam Bied
Defendant     ADAM BIED, MD

Date: 12/17/2025

I certify that Adam Bied has read this Agreement and that we have discussed what it means. I believe Adam Bied understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Max D. Stern
Attorney for Defendant

Date: 12/17/2025

7